Michail Z. Hack (MH-6127)
Quadrino & Schwartz, P.C.
666 Old Country Road - Ninth Floor
Garden City, New York 11530

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NORDIS MCBEAN, | |
| | Docket No.: |
| Plaintiff, | **COMPLAINT** |
| - against - | |
| THE HARTFORD LIFE INSURANCE COMPANY, AND COREY M. WELCH | **JURY TRIAL DEMANDED** |
| Defendants. | |

---

Plaintiff, Nordis Mcbean, by and through her attorneys, Quadrino & Schwartz, P.C., as and for her Complaint against Defendants The Hartford Life Insurance Company and Corey M. Welch hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Nordis Mcbean, was and still is a resident of the County of New York, State of New York.

2. Upon information and belief and at all times hereinafter mentioned, Defendant The Hartford Life Insurance Company ("Hartford") is a corporation organized and existing under

the laws of the State of Connecticut with its principal place of business at 200 Hopmeadow Street, Simsbury, Connecticut 06081.

3. Upon information and belief Defendant Corey M. Welch was and is an employee of Hartford with his residence and principal place of business in Alpharetta, Georgia.

4. Upon information and belief Defendant Corey M. Welch's primary job responsibility for the Hartford Life Insurance Company was and is to review, evaluate and decide administrative appeals submitted by plan beneficiaries from initial adverse long term disability benefit determinations issued by Hartford.

## JURISDICTION AND VENUE

5. Jurisdiction is founded on 28 U.S.C. § 1131 and 29 U.S.C. § 1132(e) because the claims herein arise under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1001 *et seq.*] and the regulations promulgated thereunder.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b)(1) and (c) and 29 U.S.C. 1132(e)(2) because Defendants reside in this judicial district, are subject to personal jurisdiction in this judicial district, and maintain contacts in this judicial district sufficient to subject them to personal jurisdiction.

## FACTS

7. At all times hereinafter mentioned, Plaintiff was an employee of Cap Gemini Ernst & Young US LLC ("Cap Gemini").

8. On or about January 1, 2002, Defendant Hartford issued Group Long Term Disability policy number GLT674038 to Cap Gemini (the "Policy").

9. At all times hereinafter mentioned, said was issued for the benefit of certain eligible Cap Gemini employees in exchange for the payment of premiums by Cap Gemini.

10. At all times mentioned herein, Plaintiff McBean was an employee eligible for disability benefits and is an insured under the Policy issued by Defendant, Hartford.

11. The Policy provides, *inter alia*, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due to an injury or sickness.

12. On May 22, 2002, during the period within which the Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of the Policy in that she was unable to perform one or more of the essential duties of her own occupation and she was unable to earn more than 80% of her pre-disability earnings.

13. As of this date, Plaintiff continues to be disabled pursuant to the Policy's terms.

14. Plaintiff's disability is caused primarily by persistent, chronic, headaches, dizziness, fatigue and vertigo, arising out of her brain tumor surgery, 32 rounds of radiation treatment and residual brain tumor.

15. Plaintiff filed a claim, cooperated with Defendants, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of a claim.

16. On or about October 11, 2002, Defendant Hartford advised Plaintiff that based on its review of her file and medical information received it was extending her short term disability benefits through November 25, 2002.

17. By that same correspondence, Hartford advised that it would begin to investigate her eligibility for long term disability benefits.

18. In an Attending Physician's Statement dated November 28, 2002, Plaintiff's physician stated that Plaintiff's fatigue remained unchanged and that it was unknown how long her limitations would last.

19. By correspondence dated January 15, 2003 the Hartford advised Plaintiff that she was not eligible for long term disability benefits under her policy on the sole basis that she failed to satisfy 180 days of continuous disability, a prerequisite to coverage under the Policy( hereinafter, the "elimination period").

20. That correspondence further stated that Plaintiff would have to have been continuously disabled through November 20, 2002 to satisfy her elimination period.

21. By correspondence dated January 27, 2003, Plaintiff timely submitted her appeal of the Hartford's initial adverse benefit determination.

22. Ninety-nine (99) days subsequent to Plaintiff's submission of her administrative appeal, Defendant Welch notified Plaintiff, by correspondence dated May 6, 2003, that Hartford was upholding its initial adverse benefit determination.

23. By correspondence dated March 16, 2005, Plaintiff submitted additional medical evidence to Defendant's demonstrating that she was continuously disabled throughout the elimination period through present.

24. By correspondence dated March 28, 2005, Defendant Corey Welch advised Plaintiff's attorneys that it refused to review the additional information provided in Plaintiff's March 16, 2005 correspondence.

25. That Hartford & Welch failed to consider or address persuasive evidence in its claim file that Plaintiff satisfied the 180 elimination period.

26. Defendants Hartford and Welch refused to consider or address the admission made in Hartford's October 11, 2002 correspondence that Plaintiff was continuously disabled throughout the elimination period.

27. Ninety-six (96) days elapsed between Plaintiff's submission of her long term disability claim and the Hartford's initial adverse benefit determination.

28. Ninety-nine (99) days elapsed between Plaintiff's administrative appeal and Defendants' written determination upon review.

29. By reason of the foregoing claims conduct, both Defendants failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of Ms. Licht's claim 29 C.F.R. §2560.503(l).

30. Because Defendants failed to satisfy the minimum procedural safeguards set forth in 29 C.F.R. §2560.503-1, Defendants' initial Adverse Benefit Determination and decision upon review is not entitled to any judicial deference.

## THE FIDUCIARIES

31. The Employee Retirement Income Security Act of 1974 ("ERISA") was enacted to protect the interests of employees in the administration of their employer's welfare benefit plans. In addition to conferring numerous rights upon plan participants, ERISA imposes duties upon the people and corporations who are responsible for the operation of such plans. By law, plan fiduciaries are required to discharge their duties prudently, diligently, and solely in the interest of the plan's beneficiaries, for the exclusive purpose of providing promised benefits.

32. ERISA requires every employee welfare benefit plan to provide for one or more named fiduciaries who will have "authority to control and manage the operation and administration of the Plan" [29 U.S.C. § 1102 (a)(1)]. Either by operation of law or through the implementation of ERISA plan documents, the employer of Plaintiff delegated its fiduciary responsibility for claims administration to one or more of the named Defendants, either directly or indirectly.

33. Defendants have determined or participated in determining the eligibility of Plaintiff for disability benefits under group insurance policies issued by Hartford and/or were and are responsible for the administration of Plaintiff's plan. Accordingly, at all relevant times herein, Defendants were and are fiduciaries pursuant to ERISA [29 U.S.C. § 1002 (21)].

## COUNT ONE
### (All Defendants)

### Breach of Fiduciary Duty Under ERISA

34. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

35. Upon information and belief, Defendants implementation and application of the foregoing offending claim's practices has caused and continues to cause harm to Plaintiff in violation of ERISA.

36. By virtue of the conduct described above, Defendants breached their fiduciary obligations to Plaintiff under ERISA [29 U.S.C. § 1104(a)] to discharge their duties "solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to

participants and their beneficiaries . . . with the care, skill, prudence, and diligence . . . [of a] prudent man . . . and in accordance with the documents and instruments governing the plan."

37. By managing, operating and administering ERISA-governed plans in the manner described above, Defendants have failed to exercise the care of an ordinary prudent person engaged in a similar activity under prevailing circumstances, all in violation of ERISA [29 U.S.C. § 1104(a)(1)(B)].

38. By the foregoing offending claims practices, Defendants failed to discharge their fiduciary duties in accordance with plan documents and ERISA's legislative scheme.

39. Specifically, Defendant, Corey M. Welch, breached the fiduciary duty he owed to the Plaintiff by, *inter alia*, issuing an adverse determination on review of Plaintiff's which was wholly controverted by the weight of the medical evidence and with the knowledge that the Hartford had admitted that Plaintiff was continuously disabled through the elimination period.

40. Hartford breached its fiduciary obligations to Plaintiff in that it designed, implemented, authorized and/or allowed the offending claims practices discussed above to continue.

41. As a result of the breaches of fiduciary duty as described above, Plaintiff has been harmed and continues to be harmed.

42. As a participant in an ERISA-governed benefit plan, Plaintiff is entitled to appropriate equitable relief under ERISA [29 U.S.C. § 1132(a)(3)] to (a) obtain appropriate injunctive relief immediately stopping the offending and egregious practices that are causing ongoing harm to Plaintiff, and (b) redress the violations of §1104 set forth herein.

43. Plaintiff does not have an adequate remedy at law.

## COUNT TWO
## (All Defendants)

### Violation of 29 C.F.R. § 2560.503-1 (b)(3)(2000)

44. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

45. By virtue of the conduct described above, corporate Defendant has caused, directed and/or improperly influenced its employee, Welch, to breach his obligation to maintain reasonable claims procedures in contravention of the proscriptions of ERISA and the regulations promulgated thereunder [29 C.F.R. §2560.503-1(1)(b)(3)(2000)], which prohibits conduct that unduly inhibits or hampers the fair processing of claims.

46. As a result of the unreasonable claims procedures described above, Plaintiff has been harmed, continues to be harmed, and will be harmed in the future.

47. As a participant in an ERISA-governed benefit plan, Plaintiff is entitled to appropriate equitable relief under ERISA [29 U.S.C. § 1132(a)(3)] to (a) obtain appropriate injunctive relief immediately stopping the offending and egregious practices that are causing ongoing harm to Plaintiff and (b) redress the violations of ERISA[29 C.F.R. §2560.503-1] set forth herein.

48. Plaintiff does not have an adequate remedy at law.

## COUNT THREE
## (All Defendants)

### Interference with the Attainment of Benefits 29 U.S.C. § 1140

49. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

50. By virtue of the conduct described above, Defendants intentionally engaged in prohibited practices for the purpose of interfering with a plan participants' rights to attain long term disability benefits in violation of ERISA [29 U.S.C. § 1140].

51. Plaintiff does not have an adequate remedy at law.

## COUNT FOUR
### (Breach of Contract 29 U.S.C. § 1132 (a)(1)(B))

52. Pursuant to the Policy, Defendants were obligated to commence the periodic payment of monthly benefits to Plaintiff as of November 20, 2002.

53. Despite Plaintiff's total disability, Defendants refused and continue to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

54. Said refusal on the part of Defendants is a willful and wrongful breach of the Policy terms and conditions.

55. Monthly benefits to Plaintiff continue to be due and payable by Defendants with the passage of each month.

56. Defendants are conflicted decision makers because they have a financial interest in the outcome of Plaintiff's claim and said conflict improperly influenced their adverse benefit determinations.

57. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

58. Upon information and belief, arrears are now due and owing, including interest, to Plaintiff in at least the sum of $192,712.00.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff, Nordis McBean, prays that she may have an order and/or judgment pursuant to ERISA §502(a)(3) as follows:

a) Awarding Plaintiff injunctive relief whereby Defendants are ordered to immediately cease, as to Plaintiff, engaging in the offending practices delineated herein;

b) Awarding Plaintiff equitable relief whereby Defendant, The Hartford Life Insurance Company, is ordered to institute new procedures that are in full compliance with ERISA;

c) Awarding Plaintiff a permanent injunction enjoining all named Defendants from serving as claim fiduciaries as to her claim and an imposition of a constructive trust over the trust assets controlled by Defendants, [29 U.S.C. §1109];

d) Awarding Plaintiff her costs and expenses in this litigation, including reasonable attorneys' fees and expert fees;

e) Allowing Plaintiff to return to this Court, upon motion, to seek further relief in the event that it becomes necessary and

f) Awarding Plaintiff such other and further relief as may be just and proper under the circumstances.

**And pursuant to ERISA §502(a)(1)(B) an Order declaring:**

g) Plaintiff is disabled pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant, The Hartford Life Insurance Company;

   h) Defendants must pay all benefits in arrears due and owing since the termination of benefits, plus interest; and

   i) Defendants' obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the terms of and the applicable benefit period contained in the Policy.

Dated: Garden City, New York
   August 23, 2004

            By: _____
               Michail Z. Hack (MH-6127)
               Quadrino & Schwartz, P.C.
               666 Old Country Road - Ninth Floor
               Garden City, New York 11530
               (516) 745-1122

               Attorneys for Plaintiff